## CIRCUIT COURT OF THE CITY OF CLIFTON FORGE

Hortense Putnam

v.

Krishna Sankar et al.

May 4, 1994

BY JUDGE DUNCAN M. BYRD, JR.

At the conclusion of the pre-trial conference held in this matter on May 2, 1994, the Court reserved judgment upon the Motion for Summary Judgment on behalf of Defendants Super X, Bobbie McKee, and Fisher Auto Parts and Scott Marsh.

Rule 3:18 of the Rules of the Virginia Supreme Court provide that summary judgment shall not be entered if any material fact is genuinely in dispute. Based upon the pleadings, admissions, and interrogatory answers, the Court concludes for the reasons stated hereafter that both Motions for Summary Judgment should be sustained.

The undisputed facts show that the slip and fall accident took place in the parking lot of Oak Hill Shopping Center on April 25, 1990. The parking lot was owned by Krishna Sankar, M.D., and the place where the fall occurred was not part of the leased premises of either Super X or Fisher Auto Parts. Under both Super X's lease and Fisher Auto Parts' lease, the landlord reserved control of the parking lot as well as the obligation to maintain same. Notwithstanding this, another tenant, Defendant Kroger Co., entered into a contract on July 11, 1981, with one Robert Brown for the purpose of providing custodial service at the parking lot in question. Neither Super X or Fisher Auto Parts were parties to the aforesaid contract. However, Super X reimbursed Kroger one-third of the contract fee of $35.00 per week paid to Brown, and Fisher Auto Parts, at the time of the accident, was paying Mr. Brown the sum of $5.00 per week as additional compensation for the aforesaid custodial services. Neither Super X nor Fisher Auto Parts provide any instruction or supervision to Mr. Brown

with respect to the custodial -services. To the contrary, all instructions or supervision were given or performed by Defendant Kroger.

> Innumerable decisions in virtually every jurisdiction describe negligence — or, more accurately, actionable negligence — in terms of breach of a duty owed by the asserted tortfeasor to the injury victim. While the language may vary from one case to another, essentially they all require that a legal duty be shown to exist, and in the absence of such a showing, they declare that no liability can arise based on a claim of negligence.

57A Am. Jur. 2d, *Negligence*, Section 82.

A review of the applicable leases/contracts in question reveal no contractual duty upon either Fisher Auto Parts or Super X to provide maintenance to the parking area in question. The case of *Kings Markets v. Yeatts*, 226 Va. 174 (1983), is cited as authority by both Plaintiff and several of the Defendants in this case. In the Court's opinion, the ruling in *Kings Markets* does not create new law but is merely a reaffirmation of two well-established legal principles. The Court, in *Kings Markets*, citing *Apartments, Inc. v. Bisson*, 207 Va. 474, 150 S.E.2d 540 (1966), held that the landlord is under an implied duty to use ordinary care to keep common areas controlled and maintained by the landlord in a reasonably safe condition. In this case, in addition to the implied duty, as in *Kings Markets*, the landlord also had a contractual duty under its lease agreements to provide maintenance to the common area (parking lot) in question. In addition, the Court, in *Kings Markets* reaffirmed the principle articulated in the Restatement of Torts, 2d, Article 323, that "one who undertakes to act, even though gratuitously, is required to act carefully and with the exercise of due care and will be liable for injuries proximately caused by failure to use such care."

Applying these principles to the facts at bar, the Court concludes that Super X and Fisher Auto Parts had no contractual or common law duty to maintain the premises in question. The narrow issue for resolution by the Court then is whether the facts in this case make out a jury question as to whether or not the Super X and Fisher Auto Parts assumed the landlord's duty to keep the area of common use in reasonably safe condition. Viewed even more narrowly, the issue becomes whether or not payment of a portion of the maintenance fee charged by Mr. Brown can be construed as an assumption of the duty to maintain the parking lot in a reasonably safe condition.

In the Court's opinion, this inquiry must be answered in the negative. Clearly, it was in both Super X's and Fisher Auto Parts' economic best interest that maintenance of the parking lot be performed. However, the bare payment of a portion of the custodial compensation, unlike the facts in *Kings Markets*, does not support a conclusion that either Super X or Fisher Auto Parts assumed the landlord's duty to maintain the parking lot in a reasonably safe condition.